**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**DECEMBER SESSION, 1998**

FILED

January 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9801-CC-00556** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BLOUNT COUNTY** |
| **VS.** | ) | |
| | ) | **HON. D. KELLY THOMAS** |
| **ROBERT STRICKLAND,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Class E Felony)** |


**FOR THE APPELLANT:**

JULIE A. MARTIN
P. O. Box 426
Knoxville, TN 37901-0426

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

MIKE FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney
363 Court Street
Maryville, TN 37804


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Robert B. Strickland, pled guilty to two (2) counts of violating the Habitual Motor Vehicle Offender Act ("HMVO Act"), a Class E felony. The trial court sentenced him as a Range II offender to consecutive sentences of three (3) years and six (6) months on each count. On appeal, Appellant claims that the trial court imposed excessive sentences. After a thorough review of the record, we affirm the judgment of the trial court.

## I.

Appellant was adjudicated an habitual offender under the HMVO Act on May 7, 1993. Thereafter, on April 19 and May 16, 1997, Appellant was arrested for driving in violation of that Act. Appellant pled guilty to the offenses, and a sentencing hearing was held to determine the length and manner of Appellant's sentences.

At the sentencing hearing, Appellant testified that he was fifty-one (51) years old and in poor health. Appellant was suffering from cirrhosis of the liver, asthma, a hernia, arthritis and a back injury. He stated that he was taking several medications as a result of his health problems and was en route to the drugstore when he was arrested on both occasions. Although he knew that it was illegal for him to drive, Appellant insisted that he only drove in emergency situations. He testified that if he did not take his medicine at the appropriate time, his "stomach would blow up." He had no other means of transportation to the

drugstore on the occasions when he drove and he was not physically able to walk to get his medications.

In imposing Appellant's sentence, the trial court found three enhancement factors to be applicable, namely: (1) that Appellant had a prior history of criminal convictions in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) that Appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8); and (3) that the present offenses were committed while Appellant was on bail for a felony which he was ultimately convicted of, Tenn. Code Ann. § 40-35-114(13)(A). The trial court found no applicable mitigating factors. The trial court then sentenced Appellant as a Range II offender to consecutive terms of three (3) years and six (6) months for each offense. The trial court further ordered that the sentences run consecutively to a prior felony sentence. Appellant now brings this appeal, challenging the length of his sentences imposed by the trial court.

## II.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments; State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993). In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing;
>
> (2) [t]he presentence report;
>
> (3) [t]he principles of sentencing and arguments as to sentencing alternatives;
>
> (4) [t]he nature and characteristics of the criminal conduct involved;
>
> (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
>
> (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the 1989 Sentencing Act, the presumptive sentence for a Class B, C, D or E felony is the minimum within the applicable range if no mitigating or enhancement factors for sentencing are present. Tenn. Code Ann. § 40-35-210(c); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the minimum sentence within the range. Tenn. Code Ann. § 40-35-210(d). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are

supported by the record.  State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995);  *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

## III.

Appellant contends that the trial court erred in failing to consider several statutory mitigating factors.  Although he does not challenge the applicability of the enhancement factors considered by the trial court,[1] Appellant argues that had the trial court properly applied the mitigating factors, he would have received a sentence closer to the minimum for each conviction.

## A.

Appellant first contends that the trial court should have considered that his conduct neither caused nor threatened serious bodily injury.  Tenn. Code Ann. § 40-35-113(1).  He claims that there is no evidence in the record that he was impaired at the time he was driving nor that he threatened harm to any person. However, Appellant is an habitual offender with a lengthy record of driving offenses, including driving under the influence of an intoxicant.  This Court has previously held,

> [b]y means of the Motor Vehicle Habitual Offenders Act, the General Assembly of Tennessee, as a matter of public policy, has determined that certain drivers are such a threat that they should not be allowed to operate a motor vehicle.  Appellant is just such a driver, and his presence behind the wheel, in and of itself, constitutes a threat of serious bodily injury to other drivers.

State v. Michael Bellew, C.C.A. No. 02C01-9510-CC-00324, 1997 WL 81656 at *2, Henry County (Tenn. Crim. App. filed February 27, 1997, at Jackson).

---

[1] Additionally, Appellant does not challenge the trial court's imposition of consecutive sentences.

The trial court did not err in failing to apply this mitigating factor.

**B.**

Appellant next argues that the trial court should have considered that Appellant was acting under strong provocation when the offenses were committed. Tenn. Code Ann. § 40-35-113(2). He claims that he "was facing a medical emergency which could threaten his life and put him into the hospital if he did not obtain his medication." Appellant claims that although he knew he could not drive, his medication was vital to his health. However, he does not explain why he did not make prior arrangements to receive his medication. Certainly, the medicine could have been delivered, or Appellant could have arranged for transportation to the drugstore before his health was endangered. This would have been a more prudent course of conduct, rather than consciously choosing to drive a car and knowingly violate the law. There was not sufficient provocation to mitigate Appellant's sentence under Tenn. Code Ann. § 40-35-113(2).

**C.**

Appellant further contends that his "medical emergency" constituted a substantial reason excusing or justifying his behavior under Tenn. Code Ann. § 40-35-113(3). However, as we have previously stated, Appellant had other, legal options for receiving his medication before his circumstances became critical. This mitigating factor is not applicable.

**D.**

Appellant asserts that by driving his car to get his required medication, he was motivated by a desire to provide necessities for himself, Tenn. Code Ann. § 40-35-113(7). However, this factor "is more properly addressed to individuals who, because of their destitution, may choose to steal bread or milk for their

-6-

children or themselves due to their dire circumstances." State v. Martie Lane Williamson, C.C.A. No. 03C01-9210-CR-00371, 1993 WL 335433 at *2, Knox County (Tenn. Crim. App. filed September 1, 1993, at Knoxville). Thus, this factor is inapplicable.

**E.**

Finally, Appellant insists that because he is in constant pain due to his health problems and he drove his vehicle to get medications to alleviate his pain, the trial court should have found that he acted under duress at the time the offenses were committed. Tenn. Code Ann. § 40-35-113(12). Duress has been defined by courts of this state as a "threat of 'such a character as to overcome the mind and will and destroy the free agency of a person of ordinary firmness.'" State v. Jerry Taylor, C.C.A. No. 01C01-9612-CC-00499, 1998 WL 424570 at *11, Williamson County (Tenn. Crim. App. filed July 29, 1998, at Nashville) (quoting Johnson v. Roland, 61 Tenn. (2 Baxt.) 203, 206 (1872)). Once again, Appellant had other legal means for obtaining his medication prior to the onset of the pain for which he is complaining. Although this Court sympathizes with Appellant's medical difficulties, we do not find Appellant's pain to be within the meaning of "duress" as contemplated by Tenn. Code Ann. § 40-35-113(12). This factor is inapplicable.

**F.**

Finally, this Court notes that Appellant has an extensive history of criminal convictions. Appellant, in his brief, acknowledges that he has over 48 misdemeanor convictions and arrests in Tennessee. In addition, Appellant has enough felony convictions to qualify as a Range II offender. Moreover, the present offenses were committed while Appellant was on bail for another felony offense for which he was ultimately convicted. Appellant insists that his

sentences should be reduced due to his special circumstances, i.e., his need to receive the required medication as a result of his numerous illnesses. However, even if this Court were to find Appellant's proposed mitigating factors to be applicable, those factors would be greatly outweighed by the applicable enhancement factors.

Furthermore, Appellant's prior criminal record indicates that he has a sustained intent to violate the law. As such, his criminal record negates Appellant's assertion that he violated the law only as a matter of medical emergency.

We, therefore, conclude that the trial court imposed an appropriate sentence of three (3) years and six (6) months for each offense of violating the HMVO Act. Accordingly, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE